**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council, | No. CV-19-00180-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| WG Scottsdale LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Change Venue/Transfer Case to Phoenix Division for Trial. (Doc. 89.) Defendant seeks to transfer this matter to the Phoenix Division of the District of Arizona for trial. (*Id.*) Trial is currently set for May 9, 2022, at 1:30 p.m. in the Tucson Division.

Defendant WG Scottsdale LLC is a 216-unit residential apartment complex located in Scottsdale, Arizona that provides private apartments for seniors. (*Id.*) It is not a nursing care facility and does not provide medical services to its residents. (*Id.*)

Plaintiff Southwest Fair Housing Council is a non-profit organization that advocates for fair housing rights for persons with disabilities. In this case, Plaintiff employed a "tester" who posed as a relative of a fictitious deaf individual in order to "test" Defendant's compliance with the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and other non-discrimination laws.[1] During a visit to Defendant's facility, Plaintiff's tester Gladys Beebe investigated whether Defendant

---

[1] Plaintiff's other claims were dismissed at summary judgment. (*See* Doc. 65.)

would provide an American Sign Language ("ASL") interpreter to her fictitious deaf grandfather, were he to become a resident of Defendant's facility. Beebe met with Community Sales Director Gwen Westhafer and Executive Director Tracy Colburn and toured the facility on August 23, 2016. The interactions and communications among Beebe, Westhafer, and Colburn during the tour were recorded. Additional subsequent communications included an email from Defendant's Resident Services Supervisor Cindy Backes to Ms. Beebe, and a voicemail message from Ms. Westhafer to Ms. Beebe. On December 20, 2016, a second tester, Maggie Johnson, posing as Ms. Beebe's sister, communicated with Ms. Westhafer and Ms. Colburn over the phone regarding their fictitious deaf grandfather.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Ninth Circuit Court of Appeals has explained that "[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979). A plaintiff's choice of forum "must be given some weight[.]" *Id*. A district court's decision not to transfer has been upheld where the court "was familiar with the case and transfer may have led to delay." *Id*. A district court's decision regarding change of venue is reviewed for abuse of discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). The Local Rules of the District of Arizona provide that "all civil and criminal cases founded on causes of action arising in the Phoenix division shall be tried in Phoenix," unless otherwise ordered by the Court. LRCiv 77.1(c).

Defendant argues that this matter should be transferred to Phoenix for trial because (1) the cause of action arose in Phoenix and (2) Westhafer, Colburn, and Backes, three of Defendant's key witnesses, reside in Phoenix more than 100 miles from the courthouse in Tucson. (Doc. 89.) Defendant contends that testifying at trial in Tucson would pose a

hardship to these witnesses; furthermore, they can only be compelled to testify if trial is held in Phoenix. (*Id.*; *see* Fed. R. Civ. P. 45(c)(1).)

Considering the convenience of parties and witnesses and the interests of justice, the Court declines to exercise its discretion to transfer the trial venue to Phoenix. The Court is already very familiar with the case and the relevant issues, having held numerous hearings and issued numerous orders, including on dispositive motions and a *Daubert* motion. (*See* Docs. 65, 81.) Furthermore, the Court recently held trial in another case involving the same Plaintiff and very similar issues, 19-CV-00179-RM, further adding to its familiarity with the parties and relevant issues.[2] In addition, trial has already been delayed due to the COVID-19 pandemic and conflicts in the Court's calendar. Transfer to Phoenix for trial would likely cause additional and unnecessary delay.

The Court also declines to exercise its discretion to transfer venue because it does not find that Defendant has sufficiently demonstrated that transfer is necessary under the applicable rules. Although travel to Tucson would likely cause some hardship to the witnesses, since it will require them to be away from their homes and places of work, Defendant has not presented facts or circumstances that would suggest a level of hardship beyond what would ordinarily be expected for a witness to travel to another city within the District of Arizona for a trial. Furthermore, although Defendant cannot compel Westhafer, Colburn, and Backes to testify in Tucson, Defendant does not indicate that they will refuse to testify unless compelled to do so. All three are former employees of Defendant and Defendant does not indicate that it cannot coordinate with them to arrange their testimony in Tucson. Finally, the Court considers Plaintiff's choice of the venue of Tucson in declining to transfer venue.

Accordingly,

. . . .

. . . .

. . . .

---

[2] Trial in 19-CV-00179-RM concluded on February 18, 2022.

**IT IS ORDERED** that the Motion to Change Venue/Transfer Case to Phoenix Division for Trial (Doc. 89) is **denied**.

Dated this 17th day of March, 2022.


_____
Honorable Rosemary Márquez
United States District Judge