

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Southwest Fair Housing Council, | |
| --- | --- |
| Plaintiff, | CV-19-00180-TUC-RM |
| v. | |
| WG Scottsdale LLC, | |
| Defendant. | |

# FINAL JURY INSTRUCTIONS

# DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1.4

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1.6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

1.9

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1.10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

1.12

# EXPERT OPINION

You have heard testimony from Dr. Judy Shepard-Kegl and Dr. Robert Q. Pollard who have testified to their opinions and the reasons for those opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all the other evidence in the case.

2.13

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences,

but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1.14

# IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

The evidence that a witness has lied under oath on a prior occasion or has provided inconsistent statements previously may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

2.9 (Modified)

## AMERICANS WITH DISABILITIES ACT—
## BURDEN OF PROOF

The Americans with Disabilities Act prohibits discrimination against any individual on the basis of disability in the full and equal enjoyment of a place of public accommodation's goods, services, facilities, privileges, advantages, or accommodations. The law describes discrimination as the failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. A place of public accommodation must provide required reasonable modifications or accommodations free of charge.

To succeed on their claims, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) that Plaintiff's tester's fictitious deaf relative was a qualified individual with a disability;

(2) that Defendant is a place of public accommodation;

(3) that Defendant denied Plaintiff's tester's request for a reasonable accommodation that was necessary for the tester's fictitious deaf relative

to fully and equally enjoy the goods, services, facilities, privileges and opportunities Defendant's facility provides;

(4) that the reasonable accommodation would not have created an undue burden for Defendant or alter the nature of the services Defendant offers; and

(5) that such exclusion, denial of benefits, or discrimination was by reason of Plaintiff's tester's fictitious deaf relative's disability.

42 U.S.C. § 12182(b)(2)(A)(ii), (iii); 28 C.F.R. §§ 36.201-36.203, 36.302–36.303, 36-501, 36.504.

# AMERICANS WITH DISABILITIES ACT — EFFECTIVE COMMUNICATION

Federal law requires a place of public accommodation to furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. Such auxiliary aids and services must be provided by the public accommodation. Whether an auxiliary aid and/or service is necessary will depend on the nature, length, and complexity of the communication involved and the context in which the communication takes place. A place of public accommodation should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication, but the ultimate decision as to what measures to take rests with the public accommodation. A public accommodation cannot select an auxiliary aid that does not provide effective communication.

This instruction applies only to the Americans with Disabilities Act, and not to the federal Fair Housing Act or the Arizona Fair Housing Act.

28 U.S.C. § 36.303(c)(1)(ii).

## FEDERAL FAIR HOUSING ACT AND ARIZONA FAIR HOUSING ACT—BURDEN OF PROOF

The Federal Fair Housing Act and the Arizona Fair Housing Act define unlawful discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." Housing providers must provide required reasonable accommodations free of charge.

To succeed on their fair housing act claims, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) that Plaintiff's tester's fictitious deaf relative is a qualified individual with a handicap;

(2) that the Defendant knew or should reasonably be expected to know of the handicap;

(3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling;

(4) that the accommodation is reasonable; and

(5) that the Defendant refused to make the reasonable accommodation.

42 U.S.C. § 3604(f)(3)(B).

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims under the Fair Housing Act or the Arizona Fair Housing Act, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The nature, extent and value of any denial of and harm to the statutory rights and civil rights of the plaintiff;

Any other sums that you find are necessary to reasonably compensate the plaintiff for any injuries, harms or losses it has suffered as a result of the actions or the failures to act of the defendant.

5.1

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. In other words, nominal damages must be awarded when a plaintiff proves that her constitutional rights have been violated but cannot prove compensatory damages. Nominal damages may not exceed one dollar.

5.6

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

5.5

# PUNITIVE DAMAGES – GOOD FAITH EFFORTS TO COMPLY

The plaintiff is seeking punitive damages from the defendant. The defendant is not liable for punitive damages if it engaged in good faith efforts to comply with the Americans with Disabilities Act, the Fair Housing Act and the Arizona Fair Housing Act (collectively the "Acts"). The defendant has the burden of proving by a preponderance of the evidence that it undertook good faith efforts to comply with the Acts. Good faith efforts include implementing programs or policies to prevent discrimination in the workplace, educating employees on each Acts prohibitions, creating anti-discrimination policies, and creating effective grievance mechanisms.

*Kolstad v. American Dental Ass'n*, 527 U.S. 526, 544-45 (1999).

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your foreperson.  The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

3.1

# CONSIDERATION OF EVIDENCE—
# CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using

other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

3.2

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

3.3

# RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed*.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

3.5