**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council, | No. CV-19-00180-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| WG Scottsdale LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Permanent Injunction. (Doc. 125.)[1] Defendant filed a Response in opposition (Doc. 135) and Plaintiff replied (Doc. 140). For the following reasons, the Motion for Permanent Injunction will be granted.

## I.    Background

On March 16, 2022, following a three-day jury trial, the jury returned a unanimous verdict for Plaintiff the Southwest Fair Housing Council. The jury found that Defendant WG Scottsdale LLC d/b/a Atria Sierra Pointe violated Title III of the Americans with Disabilities Act ("ADA"), the Federal Fair Housing Act ("FHA") and the Arizona Fair Housing Act ("AZFHA"), and awarded nominal damages as well as $100,000 in punitive damages. (Doc. 120.) Defendant moved for judgment as a matter of law or, alternatively, a new trial. (Doc. 134.) The Court denied that Motion. (Doc. 152.)

---

[1] Plaintiff's Motion for Attorneys' Fees (Doc. 127), Defendant's Motion Re: Bill of Costs (Doc. 137), and Defendant's Motion for Extension of Time to Appeal (Doc. 153) will be resolved separately.

Plaintiff seeks a permanent injunction enjoining Defendant from violating the ADA, FHA, or AZFHA and requiring Defendant to: (1) furnish appropriate auxiliary aids and services when necessary for effective communication; (2) maintain records of requests for, issuances of, and denials of an ASL interpreter; (3) create agreements with ASL interpreters so that those services can be timely provided; and (4) create a plan of action that ensures staff provide timely access to ASL interpreters when necessary and that contains measures ensuring oversight and compliance. (Doc. 125 at 11.) Plaintiff requests that Defendant prepare and submit this action plan to the Court for approval and that it be implemented within thirty (30) days of approval. (*Id*.)

Plaintiff contends that an injunction is authorized by the relevant statutes—the ADA, FHA, and AZFHA[2]—and that it is therefore unnecessary for it to prove the usual elements for injunctive relief. (Doc. 125 at 5.) Plaintiff contends that, because a violation of the applicable statutes has occurred, and the statutes' requirements for injunctive relief have been satisfied, a permanent injunction is warranted. (*Id*.) Plaintiff further contends that, even analyzing its request for injunctive relief under the standard factors, such relief is warranted because (1) Plaintiff has suffered irreparable injury as a matter of law; (2) remedies available at law, including monetary damages, are inadequate to compensate for that injury and prevent future injury; (3) the balance of hardships between the parties justifies an equitable remedy; and (4) a permanent injunction would serve the public interest. (*Id*. at 5-9.)

In response, Defendant contends that Plaintiff must demonstrate "a real and immediate threat of repeated injury in the future" and that Plaintiff has not done so because (1) Defendant has implemented policies and practices designed to prevent discrimination against deaf individuals and (2) there is no evidence to support a finding that Plaintiff or any deaf individual faces a threat of continued future civil rights violations in the absence of injunctive relief. (Doc. 135 at 7-8.) Defendant further argues that the requested injunctive relief is unnecessary because (1) no evidence was presented

---

[2] The requirements of the FHA and the AZFHA are the same. (Doc. 65 at 21.)

1    at trial that any deaf individual had been harmed by Defendant's failure to provide

2    effective communication and (2) Defendant has a comprehensive policy prohibiting

3    discrimination under the FHA and trains all its employees on that policy. (*Id*. at 9-10.)

4         In reply, Plaintiff contends that (1) it has suffered irreparable harm as a matter of

5    law; (2) multiple lawsuits have been filed against Defendant for failing to accommodate

6    the communication needs of deaf individuals; (3) the case law upon which Defendant

7    relies to supports its arguments is inapposite; (4) staffing turnover at Defendant's

8    facilities means that institutional knowledge will not protect deaf individuals; (5) the

9    injunctive relief requested is in line with Defendant's existing legal duties and does not

10   pose an undue financial burden; and (6) Defendant has not argued that an injunction

11   would not serve the public interest. (Doc. 140.)

12        **II.    Standard for Permanent Injunction**

13        This Court has considerable discretion in granting and tailoring suitable injunctive

14   relief. *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991); *eBay*

15   *Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("The decision to grant or deny

16   permanent injunctive relief is an act of equitable discretion by the district court,

17   reviewable on appeal for abuse of discretion."). "[A] district court has 'broad power to

18   restrain acts which are of the same type or class as unlawful acts which the court has

19   found to have been committed or whose commission in the future, unless enjoined, may

20   be fairly anticipated from the defendant's conduct in the past.'" *Orantes-Hernandez v.*

21   *Thornburgh*, 919 F.2d 549, 564 (9th Cir. 1990) (quoting *N.L.R.B. v. Express Publishing*

22   *Co.*, 312 U.S. 426, 435 (1941)).

23        Generally, a permanent injunction is appropriate where: (1) a plaintiff has suffered

24   an irreparable injury; (2) remedies available at law are inadequate to compensate for that

25   injury; (3) considering the balance of the hardships between the parties, a remedy in

26   equity is warranted; and (4) "the public interest would not be disserved by a permanent

27   injunction." *eBay Inc.*, 547 U.S. at 391; *see also La Quinta Worldwide LLC v. Q.R.T.M.,*

28   *S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014). However, these standard requirements

"need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010) (quoting *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001)); *see also Burlington N. R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1075 (9th Cir. 1991) (citing *In Trailer Train Co. v. State Bd. of Equalization*, 697 F.2d 860, 869 (9th Cir. 1983)); *Shadid v. Fleming*, 160 F.2d 752, 753 (10th Cir. 1947) ("where an injunction is authorized by statute it is unnecessary for plaintiff to plead and prove the existence of the usual equitable grounds, irreparable injury and absence of an adequate remedy at law. It is enough if the requirements of the statute are satisfied."); *Macias v. Lange*, No. 14cv2763-GPC(JMA), 2017 WL 2445516, at *9 (S.D. Cal. June 6, 2017) ("[W]here a federal statute provides for injunctive relief to prevent a violation of the statute, the standard requirements for equitable relief need not be satisfied.").

In a civil action brought by a private party under the FHA, the court "may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)" if the "court finds that a discriminatory housing practice has occurred or is about to occur." 42 U.S.C. § 3613(c)(1). The AZFHA also authorizes permanent injunctive relief, "including an order enjoining the defendant from engaging in the practice or ordering appropriate affirmative action," upon a finding "that a discriminatory practice has occurred or is about to occur." A.R.S. § 41-1491.33(4). With respect to Title III of the ADA, injunctive and declaratory relief are the only remedies available. *See* 42 U.S.C. § 12188(a); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (monetary damages not available in private suits under Title III of the ADA); *Beadle v. Postal*, Civ. No. 17-00049 JMS-KSC, 2017 WL 1731683, at *3 (D. Haw. May 2, 2017) ("Remedies available under Title III of the ADA include injunctive and declaratory relief, but not damages."). Injunctive relief under the ADA may, where appropriate, include "requiring

- 4 -

the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods[.]" 42 U.S.C. § 12188(a)(2).

The Ninth Circuit has held that a plaintiff need not establish a reasonable likelihood that a defendant will continue to violate the FHA in order to obtain an injunction under § 3613(c)(1) following a jury verdict in favor of the plaintiff on an FHA claim. *Silver Sage Partners*, 251 F.3d at 826–27. The plaintiff need not establish a reasonable likelihood of continuing violations because courts presume a plaintiff has suffered irreparable injury from the fact of a defendant's violation of a civil rights statute. *See id.* at 827 (vacating district court's order denying plaintiff's motion for an injunction where a jury found that defendant had violated the FHA).

**III.    Analysis**

Plaintiff has met the applicable standard for granting injunctive relief. The applicable statutes authorize injunctive relief, and it is within the Court's discretion to grant that relief. *See Silver Sage Partners, Ltd.*, 251 F.3d at 827. The injunctive relief Plaintiff seeks here is in line with applicable statutory requirements and is not unduly burdensome. Because the jury concluded that Defendant violated the ADA, FHA, and AZFHA, Plaintiff has presumptively suffered irreparable injury from the fact of those civil rights violations. *See id*. Plaintiff need not prove a reasonable likelihood of continuing violations. *See id*.

Moreover, even if Plaintiff were required to establish a reasonable likelihood of continuing violations, it has done so. Multiple lawsuits have been filed against entities owned by Defendant's parent company for similar conduct as that at issue in this case, including two other cases before this Court. In this case, the Court authorized a punitive damages jury instruction based in part on evidence that Defendant's parent company, Atria Senior Living, had previously entered a consent decree[3] with another fair housing organizational plaintiff in New York regarding its refusal to provide ASL interpreters to

---

[3] Although Defendant now disputes the characterization of this document as a consent decree (Doc. 135 at 5), defense counsel referred to it as such during trial (Doc. 131 at 124).

deaf residents. (*See* Docs. 117 at 19-20, 131 at 124, Doc. 132 at 12, Doc. 147-5, Doc. 152 at 7.)

Accordingly, the Court will grant Plaintiff's requested injunctive relief.

**IT IS ORDERED** that Plaintiff's Motion for Permanent Injunction (Doc. 125) is **granted**. Defendant is ordered to comply with the following conditions:

(1) Defendant and its officers, employees, and agents are hereby enjoined from violating the FHA, AZFHA, and the ADA by discriminating on the basis of hearing impairment or any other disability against any individual with a disability who seeks services from them.

(2) Defendant shall furnish all appropriate auxiliary aids and services at no cost to persons who are deaf or hearing-impaired, including, but not limited to, qualified sign language and oral interpreters when necessary for effective communication.

(3) Defendant shall maintain records of all requests for an interpreter, issuances of an interpreter, and denials of an interpreter.

(4) Defendant shall have agreements in place with sign language interpreter services to be able to timely provide sign language interpreter services when necessary.

(5) Defendant shall create a proposed plan of action to ensure that its staff and other representatives properly comply with their requirements to ensure timely access to Sign language interpreters when necessary. This plan should address, at minimum, training and enforcement measures to ensure proper oversight and compliance.

(6) Defendant shall have **thirty (30) days** from the date of this Order's entry to prepare the proposed plan of action and submit it to the Court for approval.

. . . .

. . . .

. . . .

(7) Upon final approval by the Court, Defendant shall implement its action plan within **thirty (30) days**.

Dated this 30th day of August, 2022.


_____
Honorable Rosemary Márquez
United States District Judge