**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council, | No. CV-19-00180-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| WG Scottsdale LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Stay Under Rule 62(b). (Doc. 174.) Plaintiff filed a Response in opposition. (Doc. 175.) The Motion will be granted with an increased bond requirement.

**I.      Background**

On May 17, 2022, the Court entered Judgment following a jury verdict for Plaintiff Southwest Fair Housing Council and against Defendant WG Scottsdale, LLC for $1 in nominal damages and $100,000 in punitive damages. (Doc. 123.) Plaintiff filed a Motion for Permanent Injunctive Relief, along with a Proposed Final Judgement Pursuant to Rule 54(c), and a Motion for Attorneys' Fees, Costs, and Additional Litigation Expenses on May 31, 2022 (*see* Docs. 125, 127.) On November 4, 2022, the Court issued an Order awarding attorneys' fees in the amount of $152,469.54 to Richards & Moskowitz PLC and Baskin Richards PLC, attorneys' fees in the amount of $98,972.50 to Eisenberg & Baum, LLP,

costs in the amount of $4,059.77 to Plaintiff, and expenses in the amount of $11,331.47 to Plaintiff. (Doc. 170.) Consequently, the total amount of the judgment against Defendant, including the jury verdict, costs, expenses, and attorneys' fees, is $366,834.28. Defendant has appealed the judgment to the Ninth Circuit Court of Appeals. (Doc. 155.)

## II.     Applicable Law

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). The Court has discretion to set the amount of the bond or to waive the bond requirement. "District courts have inherent discretionary authority in setting supersedeas bonds . . . the purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Acacia Rsch. Corp. v. Nat'l Union Fire Ins. Co.*, No. SACV 05-501 PSG MLGX, 2008 WL 4381649, at *1 (C.D. Cal. Sept. 9, 2008) (citing *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503 (9th Cir. 1987)). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "To fully protect the [prevailing party] on issuance of a stay of judgment, the supersedeas bond amount must be set to take into account the additions of interest, costs of appeal, [and] damages for delay." *United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008). Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Courts in this Circuit have set supersedeas bonds at 120% percent of the amount of the final judgment, to account for interest, costs of appeal, and any damages for delay. *See United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008); *Alday v. Raytheon Co.*, No. CV 06-32 TUC DCB, 2008 WL 11441996, at *2 (D. Ariz. Sept. 10, 2008).

## III.    Motion to Stay

Defendant requests that the Court approve its proposed supersedeas bond in the amount of $382,647.05, which includes post-judgment interest at the federal rate. (Doc. 174.) In response, Plaintiff requests that the Court increase the amount of the supersedeas bond to 120% of the amount of the judgment against Defendant, which it argues would cover the full judgment as well as interest and costs on appeal. (Doc. 175.) In its discretion, the Court will direct Defendant to post a supersedeas bond in the amount of 120% of the final judgment against it, which will be sufficient to cover the judgment, post-judgment interest, costs on appeal, and any damages accruing to Plaintiff from delay.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay Under Rule 62(b) is **granted**. Defendant shall post a supersedeas bond in the amount of **$440,201.14**.

Dated this 13th day of January, 2023.

_____
Honorable Rosemary Márquez
United States District Judge