**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council,<br><br>    Plaintiff,<br><br>v.<br><br>WG Scottsdale LLC,<br><br>    Defendant. | No. CV-19-00180-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff Southwest Fair Housing Council's Supplemental Motion for Award of Additional Attorneys' Fees (Doc. 181), which is fully briefed (Docs. 183, 185). For the following reasons, the Motion will be partially granted.

**I.    Background**

Following a four-day trial, a jury returned a verdict in favor of Plaintiff, finding that Defendant WG Scottsdale LLC, d/b/a Atria Sierra Pointe, violated the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA") and the Arizona Fair Housing Act ("AZFHA"). (Doc. 120.) The jury awarded nominal damages and $100,000 in punitive damages. (*Id.*) The Clerk entered judgment on May 17, 2022. (Doc. 123.) Plaintiff thereafter filed a Motion for Attorneys' Fees on May 31, 2022. (Doc. 127.) Due to certain ambiguities in the Motion, the Court ordered Plaintiff to file exhibits showing a final accounting of the attorneys' fees, costs, and expenses being sought. (Doc. 159.) Plaintiff filed exhibits showing a final accounting on October 3, 2022, reflecting fees and expenses incurred as of the date of the filing of the Motion for

Attorneys' Fees. (Doc. 163.) The Court resolved the Motion for Attorneys' Fees on November 4, 2024. (Doc. 170.)

After Plaintiff filed its initial Motion for Attorneys' Fees, the parties briefed Plaintiff's Motion for Permanent Injunction (Docs. 125, 135, 140); Defendant's Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial (Docs. 134, 147, 149), Defendant's Motions to Stay (Docs. 158, 160, 164, 174, 175); and the parties' proposed plans for permanent injunctive relief (Docs. 161, 167, 171, 173).

Defendant filed a Notice of Appeal on September 7, 2022 (Doc. 155), and the Ninth Circuit Court of Appeals issued a memorandum disposition affirming this Court's judgment on October 17, 2023 (Doc. 180-1). The Ninth Circuit issued its mandate on December 4, 2023. (Doc. 180.) Plaintiff then filed the pending Supplemental Motion for Award of Additional Attorneys' Fees on December 18, 2023, seeking appellate attorneys' fees and attorneys' fees incurred for work in this Court after the filing of Plaintiff's initial Motion for Attorneys' Fees. (Doc. 181.) On January 9, 2024, the Ninth Circuit determined that Plaintiff was entitled to attorneys' fees on appeal and referred the determination of an appropriate amount of appellate fees to the Appellate Commissioner. (Doc. 186.) On April 5, 2024, the Appellate Commissioner awarded Plaintiff $58,315.00 in appellate attorneys' fees. (Doc. 189.)

## II. Legal Standard

The ADA, FHA, and AZFHA each permit a prevailing plaintiff to recover attorneys' fees and costs. *See* 42 U.S.C. § 12205, 42 U.S.C. § 3613(c)(2), A.R.S. § 41-1491.36. In civil rights cases where an award of attorneys' fees is authorized by statute, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted).

Courts employ a two-step "lodestar method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation marks omitted)). First, to calculate the lodestar figure, the court must determine "the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly*, 822 F.3d at 1099.

In determining what constitutes a reasonable hourly rate, courts look to the prevailing market rates in the relevant community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (courts generally look to the rates of attorneys practicing in the forum district). The party seeking an award of attorneys' fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Counsel for the prevailing party should exclude hours that are "excessive, redundant, or otherwise unnecessary," and "billing judgment is an important component in fee setting." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

In the second part of the analysis—determining whether the lodestar figure should be adjusted upward or downward—courts consider the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014); *see also* LRCiv 54.2(c)(3).

Local Rule of Civil Procedure 54.2(c) requires that a motion for award of attorneys' fees be supported by a memorandum of points and authorities that discusses the party's eligibility and entitlement to the award and the reasonableness of the amount sought. The party seeking fees must also provide an itemized statement setting forth: "(A) The date on which the service was performed; (B) The time devoted to each individual unrelated task performed on such day; (C) A description of the service provided; and (D) The identity of the attorney, paralegal, or other person performing such service." LRCiv 54.2(e)(1). Rule 54.2(e)(2) provides that "[t]he party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated."

## III.   Discussion

Defendant argues, first, that the fee award requested in Plaintiff's Supplemental Motion should be reduced to eliminate reimbursement for appellate work. (Doc. 183 at 3-4.)[1] In its Reply, Plaintiff agrees that, given the Ninth Circuit's decision not to transfer the matter of appellate fees, this Court should award only fees arising from work performed in the district court. (Doc. 185 at 1-2.)[2] Accordingly, Plaintiff's total supplemental fee request is $23,126.50 in fees incurred by Richards & Moskowitz PLC and $7,695.00 in fees incurred by Eisenberg & Baum, LLP. (*Id.* at 11.)

Defendant does not dispute Plaintiff's entitlement to a supplemental attorneys' fee award but argues that the amount of the award should be reduced to $3,0222.20 for the following reasons: (1) because Plaintiff's Supplemental Motion is untimely; (2) because the rates sought for Eisenberg & Baum attorneys are unreasonably high; (3) because

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in the above-captioned case.
[2] In the Reply, Plaintiff also removes a time entry for research that Plaintiff concedes is appropriately classified as appellate work. (Doc. 185 at 2 n.1, 10.) In its Response, Defendant had challenged the entry at issue as vague. (Doc. 183 at 8.) The Court notes that, in the time records submitted with Plaintiff's Supplemental Motion, Plaintiff highlighted the entry in pink, indicating it was associated with the appeal in this case. (Doc. 181-1 at 9, 58.) Given that the entry was classified from the onset as appellate, it is not clear why Defendant challenged the entry as vague or why Plaintiff reduced its requested fee award in its Reply to remove the entry.

- 4 -

Eisenberg & Baum's time entries should be reduced to account for post hoc enhancements; and (4) to eliminate vague time entries. (Doc. 183.)

### A. Entitlement to Supplemental Attorneys' Fee Award

This Court previously found that Plaintiff, as the prevailing party, is entitled to an award of attorneys' fees under the ADA, FHA, and AZFHA. (Doc. 170.) Defendants present no reason to alter this conclusion and do not dispute Plaintiff's entitlement to a supplemental fee award. The Court finds that Plaintiff is entitled to supplemental attorneys' fees under the ADA, FHA, and AZFHA for work performed to preserve the favorable judgment obtained in this case and to obtain permanent injunctive relief.

### B. Timeliness of Supplemental Motion

The Court ordered Plaintiff to file exhibits showing a final accounting of the attorneys' fees, costs, and expenses sought in its initial Motion for Attorneys' Fees, due to confusion regarding billing statements that were labeled Eisenberg & Baum but appeared to reflect work performed by Richards & Moskowitz attorneys, and due to a lack of exhibits showing which fees had been reduced or omitted to reach the reduced attorneys' fees award that Plaintiff had requested in its Reply in Support of the initial Motion. (Doc. 159.) The final accounting filed by Plaintiff on October 3, 2022, reflected only fees incurred as of May 31, 2022—the date Plaintiff filed its initial Motion for Attorneys' Fees. (Doc. 163.)

Defendant argues that the Court should eliminate from Plaintiff's supplemental attorneys' fee award all attorneys' fees incurred before October 3, 2022, when Plaintiff filed its final accounting. (Doc. 183 at 4-5.) Rule 54.2(b)(2) of the Local Rules of Civil Procedure states: "unless otherwise provided by statute or court order entered in an individual case, the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion . . . within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered." Defendant does not contend that this rule precludes a supplemental motion for attorneys' fees incurred after the conclusion of briefing on an initial motion for attorneys' fees.

- 5 -

However, Defendant appears to argue that Rule 54.2(b)(2) requires a plaintiff to add to the fee award requested in an initial motion for attorneys' fees all fees incurred as of the date of the completion of supplemental briefing on that motion.

Rule 54.2(b)(2) does not preclude a plaintiff from taking such an approach, and in many cases it may be the most efficient approach. However, nothing in the language of the rule requires a plaintiff to seek to amend the attorneys' fee award requested in a motion for attorneys' fees to include fees incurred between the time of the filing of the motion and the conclusion of briefing. The final accounting that Plaintiff filed on October 3, 2022, related to Plaintiff's initial Motion for Attorneys' Fees, and it therefore was reasonable for Plaintiff to include only those fees incurred as of the date of the filing of the initial Motion. It was also reasonable for Plaintiff to wait until the Ninth Circuit issued its mandate affirming the judgment of this Court before filing its Supplemental Motion seeking attorneys' fees incurred after the date of the filing of its initial Motion. Even if Plaintiff had sought in its October 3, 2022 final accounting an award of all attorneys' fees incurred as of that date, a supplemental motion for attorneys' fees would still have been necessary because the parties were continuing to brief issues at the district-court level as of October 3, 2022. Accordingly, the approach advocated by Defendant would not have aided judicial efficiency under the circumstances of this particular case. Furthermore, Defendant has not identified any prejudice resulting from the timing of Plaintiff's Supplemental Motion.

Local Rule of Civil Procedure 54.2(b)(2) and Federal Rule of Civil Procedure 54(d)(2)(B)[3] provide this Court with discretion to set an alternative timeframe for filing a motion for attorneys' fees, and the Court exercises that discretion here in finding Plaintiff's Supplemental Motion timely. *See Suenos LLC v. Goldman*, 633 F. App'x 874, 878–79 (9th Cir. 2015) (finding district court has discretion to set alternative deadline for filing motion for attorneys' fees); Fed. R. Civ. P. 54, advisory committee note to 1993 amendment (district court may set a new period for filing a request for attorneys' fees

---

[3] Rule 54(d)(2)(B)(i) states: "Unless a . . . court order provides otherwise" a motion for attorneys' fees must be filed no later than 14 days after entry of judgment.

after an appeal has been resolved).

## C. Reasonableness of Requested Hourly Rates

Plaintiff requests supplemental attorneys' fees for work performed by Richards & Moskowitz attorneys William A. Richards at $425 per hour, Karen J. Moskowitz at $395 per hour, Natalya Ter-Grigoryan at $300 per hour, Shanya G. Stuart at $275 per hour; Richards & Moskowitz law clerks and paralegals at $125 per hour; and Eisenberg & Baum attorneys Andrew Rozynski at $500 per hour and David John Hommel at $425 per hour. (Doc. 181 at 12; Doc. 181-1 at 4-5, 8-9, 47-50.) Defendant does not challenge the rates requested for Richards & Moskowitz attorneys, law clerks, and paralegals, and the Court finds those rates reasonable in light of the prevailing rates charged in this district for attorneys of similar skill, experience, and reputation.

Defendant argues that the rates requested for Eisenberg & Baum attorneys Rozynski and Hommel are inflated because they are based on the prevailing rates for attorneys in New York rather than Arizona. (Doc. 183 at 6-7.) In ruling on Plaintiff's initial Motion for Attorneys' Fees, the Court found a rate of $350 per hour reasonable for Rozynski and a rate of $275 per hour reasonable for Hommel. (Doc. 170 at 11.) Plaintiff did not seek reconsideration of or appeal this Court's prior findings regarding reasonable hourly rates for Rozynski and Hommel. The Ninth Circuit found the same rates reasonable in ruling on Plaintiff's request for appellate attorneys' fees. (Doc. 189 at 2-5, 9.)

In his declaration, Rozynski cites to a nationwide survey of billing rates, average rates for attorneys practicing in New York City, and rates that he has been awarded in other districts. (Doc. 181-1 at 46-49.) Plaintiff also cites in its Reply to rates found reasonable in the Northern District of California. (Doc. 185 at 9.) However, this Court must look to the prevailing rates charged in this district rather than nationwide averages, reasonable rates for attorneys in New York City, or rates awarded in other districts. *See Gates*, 987 F.2d at 1405. Plaintiff cites only limited District of Arizona cases (Doc. 181 at 14; Doc. 181-1 at 48, 50), two of which found a rate of $350 per hour reasonable for

the Arizona market. *See Arnhoelter v. Kaus*, No. CV-20-00403-PHX-JAT, 2020 WL 4673160, at *4–5 (D. Ariz. Aug. 12, 2020); *Fisher v. Lohr*, No. CV-74-90-TUC-DCB, 2014 U.S. Dist. LEXIS 200720, at *16 (D. Ariz. Aug. 8, 2014). Plaintiff cites in its Reply to one Arizona case finding higher rates reasonable. (Doc. 185 at 8–9 (citing *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2020 WL 1694739, at *8 (D. Ariz. Apr. 7, 2020)).) Both *Arnhoelter* and *Fisher* support this Court's prior finding that a rate of $350 per hour is reasonable for Rozynski, and the discussion in *ThermoLife* is insufficient to warrant reconsideration of this Court's prior findings regarding reasonable rates for Rozynski and Hommel. Given this Court's prior findings, and the Ninth Circuit's fee award, the Court will again award $350 per hour for work performed by Rozynski and $275 per hour for work performed by Hommel.

### D. Eisenberg & Baum's Time Entries

In its November 4, 2022 Order granting Plaintiff's initial Motion for Attorneys Fees, the Court eliminated a number of Eisenberg & Baum time entries as vague and non-compliant with the descriptive requirements of LRCiv 54.2(e). (Doc. 170 at 13-18.) On July 10, 2023, in the related case *Southwest Fair Housing Council v. WG Chandler Villas SH LLC*, No. 4:19-cv-178-RM ("*WG Chandler Villas*"), this Court found that Eisenberg & Baum appeared to have made post hoc enhancements to the descriptions in its timekeeping records but that the post hoc enhancements likely affected only timekeeping entries recorded prior to the June 14, 2022 filing of Defendant's opposition to Plaintiff's Motion for Attorneys' Fees in the above-captioned case. (*See* Doc. 130 at 21 in *WG Chandler Villas*.) The Court accordingly reduced by 20% the fees sought by Eisenberg & Baum for work performed prior to June 14, 2022, to account for the likely post hoc enhancement. (*Id.*) The Court noted that it would entertain reconsideration of the reduction if Plaintiff submitted metadata showing there was no post hoc alteration of Eisenberg & Baum's billing records. (*Id.*) Plaintiff never submitted the requested metadata and did not seek reconsideration of the 20% reduction.

Defendant argues in the present case that the Court should reduce Eisenberg &

- 8 -

Baum's time entries by 20% to account for post hoc enhancements, consistent with the approach taken in *WG Chandler Villas*. (Doc. 183 at 7.) However, the time records submitted by Eisenberg & Baum in support of Plaintiff's Supplemental Motion do not include any entries prior to June 14, 2022. (*See* Doc. 181-1 at 53-65.) Because the Court found in *WG Chandler Villas* that a reduction for post hoc enhancement was appropriate only for work performed prior to June 14, 2022, and no such work is at issue here, the Court rejects Defendant's request to reduce Eisenberg & Baum's fees by 20%.

The Court also rejects Defendant's request to eliminate Eisenberg & Baum time entries for vagueness. The Court has reviewed the challenged entries and find that they "adequately describe the services rendered" such that "the reasonableness of the charge can be evaluated." LRCiv 54.2(e)(2).

### E. Conclusion

The Court does not find that any other adjustments to Plaintiff's requested fee award are appropriate. The significant time and labor required, the skill and experience of Plaintiff's counsel, the contingency fee arrangement at issue, the preclusion of other employment, the nature and length of counsel's professional relationship with Plaintiff, and the results obtained all support an award of the requested fees without further adjustment. *See Carter*, 757 F.3d at 869. Accordingly, the Court will reduce the fees requested by Eisenberg & Baum to reflect an hourly rate of $350 for Rozynski and an hourly rate of $275 for Hommel, but will not otherwise reduce the requested fee award.

Plaintiff has lodged a proposed judgment awarding attorneys' fees. (Doc. 182-1.) Federal Rule of Civil Procedure 58(a)(3) provides that a separate judgment is not required for an order disposing of a motion for attorney's fees under Rule 54. Accordingly, the Court will not issue a separate judgment. *See United States v. Business Recovery Servs., LLC*, No. CV 11–0390–PHX–JAT, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012) (declining to issue a separate judgment on attorney's fees order because doing so is unnecessary under Rule 58(a)(3)).

**IT IS ORDERED** that Plaintiff's Supplemental Motion for Additional Attorneys' Fees (Doc. 181) is **partially granted**. Plaintiff is awarded supplemental attorneys' fees in the amount of $28,749.00, reflecting $23,126.50 for work performed by Richards & Moskowitz timekeepers and $5,622.50 for work performed by Eisenberg & Baum timekeepers.

Dated this 29th day of May, 2024.

_____
Honorable Rosemary Márquez
United States District Judge